FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 18 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DALIS D. SEALES-SAVEA,

Plaintiff,

vs.                                    Civ. No. 05-613 RB/LCS

MARGO TAFOYA, et al.,

Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* to determine whether dismissal would be appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Having considered the record and the applicable law, I find as follows:

**Proposed Findings Regarding *Ehrenhaus* Factors**

1.   Plaintiff filed her complaint *pro se* alleging employment discrimination on June 2, 2005.

2.   Defendants answered on July 21, 2005, and the Court entered an Initial Scheduling Order on July 25, 2005. (Doc. 6.) Under the Order, defense counsel would be responsible for coordinating and initiating the telephonic Rule 16 Initial Scheduling Conference. (*Id.* at 3.)

3.   Counsel for Defendants telephoned the Court on September 20, 2005 to advise me that the parties' Initial Pre-Trial Report ("IPTR"), due that day, was incomplete. Counsel said that Plaintiff had the opportunity to fill out her portion of the IPTR, but did not do so. I advised Counsel to turn in the IPTR with her own portions completed, and we would take the matter up at the Rule 16 Scheduling Conference.

4. Counsel submitted the IPTR and Provisional Discovery Plan to the Court and sent copies to Plaintiff.

5. On the morning of the Rule 16 Scheduling Conference, Counsel for Defendant attempted to reach Plaintiff three times using the telephone number Plaintiff had provided. (*See* Doc. 8.) Plaintiff did not answer. (*Id.*) After I was added to the call, the operator attempted to reach Plaintiff one more time without success. (*Id.*)

6. I entered an Order to Show Cause ("OSC") on September 29, 2005 pursuant to FEDERAL RULE OF CIVIL PROCEDURE 16(f). (Doc. 9.) I directed Plaintiff to appear for an in person hearing at the United States District Court in Albuquerque – Plaintiff's home town. (Doc. 9 at 2.) I advised Plaintiff her appearance was necessary to avoid an assessment of sanctions and dismissal without prejudice of her action with respect to Defendants. (*Id.*)

7. The hearing on the OSC convened as scheduled on October 13, 2005. (*See* Doc. 10.) Plaintiff did not appear, nor did she give the Court or the Defendants notice of her inability to attend the hearing. (*Id.*)

8. According to *Ehrenhaus*, the Court should consider and address all of the following factors on the record before choosing the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [] (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and 5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).[1]

---

[1] The dismissal in *Ehrenhaus* was a discovery sanction pursuant to FED. R. CIV. P. 37(b)(2)(C). *Ehrenhaus*, 965 F.2d at 918. In this case, while I recommend dismissal as an appropriate sanction under FED. R. CIV. P. 16(f), it is still proper to make findings using the *Ehrenhaus* factors. *See, e.g., In re Hopkins*, 1998 WL 704710, at *2 (10th Cir. Oct. 5, 1998) (discussing the *Ehrenhaus* factors in an appeal from a district court's dismissal for failure to prosecute and citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

9.  I note initially that while a *pro se* litigant is entitled to liberal construction of her pleadings, she must nonetheless "follow the same rules of procedure that govern other litigants." *See Okla. Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994) (internal quotation marks and citation omitted). When imposing sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *See Ehrenhaus*, 965 F.2d at 920 n.3 (citation omitted). The chosen sanction must be both just and related to the particular claim at issue. *Id.* at 920-21 (citation omitted).

10.  I find that Plaintiff's inaction has prejudiced the Defendants and interfered with the judicial process. *See id.* at 921. Plaintiff's failure to attend or give notice of her inability to attend the telephonic Rule 16 Scheduling Conference or the in person hearing on the OSC wasted the Court's and defense counsel's time. Defendants have had to pay attorney fees for work that remains fruitless because of Plaintiff's indifference to her case. Further, Plaintiff's failure to comply with court directives impedes the orderly administration of justice. *See id.*

11.  As to Plaintiff's culpability, I find Plaintiff has exhibited a manifest disinterest in litigating her case. After filing her complaint, Plaintiff has had the opportunity to list her contentions on the IPTR, to speak with me and opposing counsel at the Rule 16 Scheduling Conference, to explain her inaction at a hearing, and to give notice to the Court or to Defendants that she would be unable to comply with the rules of this Court. She has chosen not to do any of these things. Ignorance should not excuse consistent inaction.

12.  I have given Plaintiff notice of the possibility that her case would be dismissed without prejudice if she failed to comply with Court orders. (*See* Doc. 9 at 2.) In light of

Plaintiff's disregard of court orders, rules of civil procedure, and local rules of this Court, I find that lesser sanctions would not be effective, but do not recommend imposing the much harsher sanction of dismissal with prejudice. *See Meade v. Grubbs*, 841 F.2d 1512, 1520-22 (10th Cir. 1988).

## RECOMMENDED DISPOSITION

I recommend that the District Judge dismiss Plaintiff's complaint without prejudice, leaving her free to find counsel and re-file her complaint if she is unable to reach an agreement with Defendants outside of court.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

162 F.3d 1173 (Table)  Page 1
162 F.3d 1173 (Table), 1998 WL 704710 (10th Cir.(Colo.)), 98 CJ C.A.R. 5182, 15 Colo. Bankr. Ct. Rep. 379
Unpublished Disposition
(Cite as: 162 F.3d 1173, 1998 WL 704710 (10th Cir.(Colo.)))

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
In Re: Richard Ramsey HOPKINS and Cherilyn Baker Hopkins, Debtors, O'Melveny & Myers; Gibson, Dunn & Crutcher, LLP, Plaintiffs-Appellees,
v.
Richard Ramsey HOPKINS, Defendant-Appellant.
No. 98-1186.

Oct. 5, 1998.

Before BALDOCK, EBEL and MURPHY, Circuit Judges.

EBEL, J.

ORDER AND JUDGMENT [FN*]

FN* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1 Richard Ramsey Hopkins, proceeding pro se, appeals the district court's dismissal of his consolidated bankruptcy appeal for failure to prosecute in accordance with the local rules and previous orders of the court. We reverse and remand.

On April 30, 1997, the district court held a pre-briefing conference on Hopkins' appeal of a grant of summary judgment in D.C. No. 97-AP-888 ("Appeal 1"), and issued a Minute Order specifying that "[t]he opening brief and the response brief shall not exceed 10 pages in length." (Dkt. # 48, Ex. A at 2, Supp. Vol. VI.) On October 20, 1997, the district court held a pre-briefing conference on Hopkins' appeal of a grant of summary judgment in a related case, D.C. No. 97-AP-2263 ("Appeal 2"), and again issued a Minute Order specifying that the opening and response briefs should not exceed 10 pages. (Dkt. # 48, Ex. B at 2, Supp. Vol. VI.) [FN1] On January 30, 1998, Hopkins filed two briefs in the district court, one for each of his consolidated appeals. (Dkt. # 46 & 47, Vol. I.) The brief in Appeal 1 was 19 pages single-spaced, (Dkt. # 46, Vol.I); the brief in Appeal 2 was 8 pages single-spaced, (Dkt.# 47, Vol.I). The Appellees, O'Melveny & Meyers and Gibson, Dunn & Crutcher LLP, moved to strike the briefs, (Dkt.# 48, Supp.Vol.VI), and Hopkins responded with a request for relief from the local rules, (Dkt.# 49, Supp.Vol.VI). On February 18, 1998, the district court denied Hopkins' request for relief from the local rules, and accepted the recommendation of the magistrate judge that the briefs be stricken "for failure to comply with D.C. Colo. LR 5.1F, which requires that all papers be double spaced and for raising a new issue on appeal." (Dkt. # 50 at 1-2; 51, Supp. Vol. VI.) [FN2]

FN1. The district court consolidated Appeal 1 and Appeal 2 on November 7, 1997. (Dkt.# 31, Supp.Vol.V.)

FN2. D.C.Colo. LR 5.1F states: "All papers shall be double-spaced."

On March 2, 1998, Hopkins filed a motion to amend his briefs and attached two amended briefs "in the event this request is granted." (Dkt.# 54, Vol.I.) The amended brief in Appeal 1 was 14 pages double-spaced and the amended brief in Appeal 2 was 8 pages double-spaced. (Dkt. # 54, Ex. A & B, Vol. I.) The amended brief in Appeal 1 retained the new issue, (*see* Aplt. Brief at 2), and the amended brief in Appeal 2 incorporated by reference significant portions of the amended brief in Appeal 1. (Dkt. # 54, Ex. B at 2, 3, 8, Vol. I.) On March 30, 1998, the magistrate judge issued a recommendation that Hopkins' motion be denied, and that Hopkins' consolidated appeal be dismissed for failure to prosecute "in accordance with the rules of this Court as set forth in the previous orders of this Court." (Dkt.# 57, Vol.I.) On April 14, 1998, the district court adopted the magistrate judge's recommendation and dismissed the appeal. (Dkt.# 60, Vol.I.)

We review the district court's dismissal for failure to

162 F.3d 1173 (Table)  
(Cite as: 162 F.3d 1173, 1998 WL 704710, **1 (10th Cir.(Colo.)))

Page 2

prosecute for abuse of discretion. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994). Although a district court has the inherent power to dismiss an action for failure to prosecute, *see Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir.1988), this court has characterized dismissal with prejudice as an "extreme sanction," and has cautioned district courts to consider the following factors before choosing dismissal: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Jones v. Thompson*, 996 F.2d 261, 263 (10th Cir.1993) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir.1992)).

**2 We find several aspects of the district court's dismissal troubling. First, unlike in *Ehrenhaus*, the district court did not warn Hopkins that dismissal of his claims would result from a further failure to comply with the local rules or court orders. While such a warning is not always necessary, it is a factor which we consider in determining whether the district court abused its discretion. *See Ehrenhaus*, 965 F.2d at 919, 922. Second, the magistrate judge's recommendation to strike Hopkins' first set of briefs, adopted by the district court in its order striking the briefs, made no reference to the page limit set out in the previous orders, but instead pointed to Hopkins' failure to comply with the local rule requiring double-spacing, and to his raising a new issue. (*See* Dkt. # 50 at 1-2; 51 Supp. Vol. VI.) In light of this omission, which had the potential of misleading Hopkins into thinking that the court would not strictly apply its page limit, [FN3] Hopkins failure to adhere to the page limit after significantly shortening his briefs does not appear quite so egregious. [FN4] Third, Hopkins' amended briefs cured the single-spacing defect explicitly enunciated in the magistrate judge's recommendation. Although Hopkins' amended brief in Appeal 1 still retained the new issue, the ordinary remedy for raising a new issue on appeal is not dismissal but rather a refusal to consider the new issue, and a consideration only of those issues properly raised. Fourth, and most importantly, the district court failed to consider the *Ehrenhaus* factors in its dismissal. Rather, the district court merely adopted the magistrate judge's terse recommendation that the appeal be dismissed for failure to prosecute in accordance with the local rules as set forth in the previous court orders. (Dkt.# 57, Vol.I.) While *Ehrenhaus* involved dismissal as a discovery sanction under Rule 37(b)(2) of the Federal Rules of Civil Procedure, *see* 965 F.2d at 920, we have adopted the *Ehrenhaus* standard for all orders of dismissal, not just for those involving discovery disputes. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994).

> FN3. However, despite the district court's failure to reference its page limit as a reason for striking Hopkins' briefs, Hopkins did assume that the district court struck them because of the court's "desire to avoid lengthy briefs." (Dkt.# 54, Vol.I.)

> FN4. Hopkins argues that the 8-page amended brief in Appeal 2 was "well within the 10 page limits of the local rules." (Aplt. Brief at 2.) However, since a party cannot use incorporation by reference to circumvent the page requirements for brief-writing, *see Fleming v. Kane*, 855 F.2d 496, 498 (7th Cir.1988); *Hooper v. Tulsa County Sheriff Dep't*, 113 F.3d 1246, 1197 WL 295424, at *4 n. 4 (10th Cir.1997) (unpublished disposition), Hopkins' amended brief in Appeal 2 would exceed 10 pages once the references it incorporates from the amended brief in Appeal 1, which itself exceeded the page limit, are taken into account. Thus, both of Hopkins amended briefs exceeded the page limit.

In *Mobley*, where we reviewed a dismissal for failure to comply with an order dismissing a previous suit, we stated that

> [t]he actions of the district court were simply not consonant with the dictates of *Jones* and *Ehrenhaus*. The trial court's failure to evaluate and weigh these relevant factors prohibits this court from engaging in any meaningful review of the trial court's decision. Accordingly, we must hold this failure amounts to an abuse of discretion. Moreover, due to the severity of the sanction actually imposed, we are particularly concerned with the trial court's failure to consider whether a lesser sanction would be appropriate in order to achieve the purposes behind sanctioning a recalcitrant litigant.

**3 40 F.3d at 341.

As in *Mobley*, we are concerned particularly by the district court's lack of analysis on the fifth factor enunciated in *Ehrenhaus*, the efficacy of lesser sanctions. Lesser sanctions which the district could have considered include striking the new issue in the amended brief for Appeal 1, rejecting Hopkins' amended briefs and warning him that any further violations of the local rules or previous orders would result in dismissal, or issuing a contempt citation and fine. We express no opinion as to the efficacy of these

162 F.3d 1173 (Table) Page 3
(Cite as: 162 F.3d 1173, 1998 WL 704710, **3 (10th Cir.(Colo.)))

lesser sanctions, but we believe that the district court at least should have analyzed the efficacy of these or other lesser sanctions. In light of the district court's failure to do so, and its failure to consider the other *Ehrenhaus* factors, we reverse the judgment of the district court and remand this case.

As in *Mobley*, we do not opine what the district court should decide on remand. *See* 40 F.3d at 341. Rather, if the district court again considers dismissing Hopkins' appeal, it should address the *Ehrenhaus* factors in making its decision. [FN5] We reemphasize the severity of dismissal as a sanction, as dismissal "defeats altogether a litigant's right to access to the courts," *Mobley*, 40 F.3d at 340, and therefore is an appropriate sanction "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus*, 965 F.2d at 921. While we do not require the district court to make an extensive report on remand, we do require that it provide us with sufficient analysis supporting any further dismissal so that we have an adequate basis to judge whether the district court acted within its discretion. [FN6]

> FN5. A district court need not explicitly analyze all of the *Ehrenhaus* factors when, unlike in this case, the record is clear enough for us to evaluate and weigh the factors and make a meaningful review of the trial court's decision.

> FN6. In appealing the district court's dismissal, Hopkins makes several arguments that lack merit and hence do not warrant extended discussion. Among them are his claims that the district court erred in striking his first set of briefs, in denying his motion to file his non-conforming amended briefs, and in dismissing both of his appeals despite his assertion that his amended brief in Appeal 2 was in "full and complete compliance with the local rules." (Aplt. Brief at 3-4.) As all of Hopkins' briefs were non-complying, including both of his amended briefs, *see* supra n. 4, it was well within the discretion of the district court to strike them.
> Hopkins further claims that the brief-writing requirements set forth in the district court order were so vague and ambiguous as to violate his right to due process. (*See* Aplt. Brief at 3B.) There is no merit to this argument.
> Hopkins also argues that he should be excused for his failures to comply with the brief-writing requirements because he is a pro se litigant. (*See* Aplt. Brief at 2, 4.) While pro se litigants generally are held to less stringent standards than counseled litigants, *see McCottrell v. EEOC*, 726 F.2d 350, 351 (10th Cir.1983), Hopkins' status as a pro se litigant carries little weight here, as a pro se litigant still must comply with the rules of procedure, including local rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992). Furthermore, Hopkins' pro se status carries even less weight in light of his 20 years of experience as an attorney. (*See* Aplt. Reply at 10.)

REVERSED and REMANDED. The mandate shall issue forthwith.

162 F.3d 1173 (Table), 1998 WL 704710 (10th Cir.(Colo.)), 98 CJ C.A.R. 5182, 15 Colo. Bankr. Ct. Rep. 379 Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

. 98-1186 (Docket)
(May. 18, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.